

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,634

**EX PARTE MICHAEL DAVID SPICER, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 32649CR/B IN THE 40TH DISTRICT COURT
## FROM ELLIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,

the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.

*Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of

two counts of aggravated sexual assault of a child and sentenced to thirty years' confinement

on each count.

Applicant contends that counsel rendered ineffective assistance because counsel failed

to timely file a notice of appeal. We granted Applicant an out-of-time appeal in his first

11.07 application. Appellate counsel failed to timely file a notice of appeal after this Court granted relief in that application. Applicant was again denied his right to appeal due to a counsel's failure to file a notice of appeal.

We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Case No. 32649CR from the 40th Judicial District Court of Ellis County. Applicant is ordered returned to that time at which may give a written notice of appeal so that may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: September 14, 2011
Do Not Publish